UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONDREY WASHINGTON,

    Petitioner,

Case No. 11-20483

Honorable Nancy G. Edmunds

v.

UNITED STATES OF AMERICA,

    Respondent.

                                    /

**ORDER DENYING PETITIONER'S MOTION TO VACATE CONVICTION AND/OR SENTENCE PURSUANT TO 28 U.S.C. 2255(f)(3) & (4) [45]**

This matter comes before the Court on Petitioner Diondrey Washington's motion for vacation of conviction and/or sentence pursuant to 28 U.S.C. § 2255(f)(3) and (4). For the reasons stated herein, Petitioner's motion is DENIED.

**I.    Background**

On November 21, 2011, Petitioner pleaded guilty to three counts: (1) interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"); (2) use of a firearm during a crime of violence, in violation of § 924(c)(1)(A); and (3) possession of a stolen firearm, in violation of § 922(j). On March 1, 2012, Petitioner was sentenced by this Court to 129 months in prison. He did not file a notice of appeal. On February 2, 2016, Petitioner filed the instant action under § 2255(f)(3), in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

---

[1] Petitioner also cites § 2255(f)(4) as a basis for his motion, but § 2255(f)(4) is "directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). Petitioner fails to set forth any new facts that would make § 2255(f)(4) applicable.

**II.    Standard**

To obtain relief under § 2255, Petitioner must show: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

**III.   Analysis**

In *Johnson*, the Court struck down the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. Here, Petitioner was sentenced for Hobbs Act robbery, under 18 U.S.C. § 1951, and possession of a weapon in furtherance of the robbery, under 18 U.S.C. § 924(c). Petitioner was not sentenced under the residual clause of § 924(e)(2)(B)—the clause that *Johnson* invalidated. The Sixth Circuit recently held that § 924(c)(3)(B)'s definition of crime of violence remains unaffected by the Supreme Court's holding in *Johnson*. *See United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Thus, *Johnson* has no effect on Petitioner's sentence or conviction under § 924(c). Several district courts in this Circuit have similarly rejected § 2255 motions on this basis. *See, e.g.*, *Byrd v. United States*, Nos. 1:07-CR-81, 1:16-CV-186, 2016 WL 4009884, at *1-2 (E.D. Tenn. July 25, 2016) (noting § 924(c)(3) "remains unaffected" by the Supreme Court's holding in *Johnson*); *United States v. Walker*, No. CR 6:12-068-DCR, 2016 WL 762717, at *3 (E.D. Ky. Feb. 26, 2016) (holding sentence imposed for violation of § 924(c) was not implicated by *Johnson*).

Even if *Johnson*'s reasoning applied to the residual clause of § 924(c), Petitioner's motion would still fail. By definition, Hobbs Act robbery involves the taking of property "by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1).

Courts both within this Circuit and outside of it have held, even in the wake of *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause. *See, e.g.*, *Byrd*, 2016 WL 4009884, at *2 (concluding that even if *Johnson's* reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c)); *Pruitt v. United States*, Nos. 1:13-CR-64, 1:16-CV-130, 2016 WL 4007597, at *2 (E.D. Tenn. July 25, 2016) (same); *In re Fleur*, __ F.3d __, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (rejecting petitioner's *Johnson* claim and noting that "Hobbs Act robbery ... clearly qualifies as a 'crime of violence' under the use-of-force clause in 924(c)(3)(A)"); *United States v. Standberry*, 139 F. Supp. 3d 734, 739-40 (E.D. Va. 2015) (finding that "Hobbs Act robbery ... [constitutes] a crime of violence under 924(c)(3)(A)" and noting that "[n]o other reviewing court has had difficulty finding that the language of 18 U.S.C. § 1951(b)(1) describes a crime of violence."). Petitioner has presented no reason to depart from this case law or otherwise vacate his sentence or conviction.

### III. CONCLUSION

For the above-stated reasons, Petitioner's motion to vacate his conviction and/or sentence is DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager